**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY JUDD WILLIAMS,<br><br>                  Plaintiff,<br><br>      v.<br><br><br>NICHOLAS GREEN, *et al.*,<br><br>                Defendants. | Civil Action No. 26-3208 (JXN)(AME)<br><br><br><br>**<u>OPINION</u>** |

**<u>NEALS</u>**, District Judge

Before the Court is *pro se* Plaintiff Anthony Judd Williams' ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1-1, 1-3). The Court **grants** Plaintiff leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are **dismissed** for failure to state a claim on which relief may be granted.

## I. **BACKGROUND**[1]

Plaintiff was an inmate at the Essex County Jail ("Jail").[2] (*See* Compl. at *5–6, ECF No. 1.) His Complaint raises claims against Defendants Nicolas Green ("Green") and Theodore Moore ("Moore") (collectively, "Defendants") as administrators at the Jail.[3] (*Id.* at *1, 4.) The Court construes the Complaint as raising Eighth Amendment deliberate indifference to medical needs claims against Defendants. (*Id.* at *5-10.)

According to the Complaint, Plaintiff suffers from sleep apnea and requires a machine for use while sleeping. (*Id.* at *6.) On August 4, 2025, Plaintiff entered the Jail and informed the intake officer that he had sleep apnea. (*Id.*) The officer told Plaintiff that he would need to speak with the doctor in the Jail's medical department about his sleep apnea. (*Id.*) After being moved to a holding cell, Plaintiff again notified officers of his condition and that he would need a machine for sleeping. (*Id.*) Plaintiff was again told that he would need to speak to the doctor. (*Id.*) Plaintiff was taken to the medical department that evening and informed the nurse of his condition. (*Id.* at *6–7.) The nurse informed Plaintiff that he would need to wait for the doctor and to sleep on his side. (*Id.* at 7.) The following day, Plaintiff informed the corrections officers that he needed a sleep machine. (*Id.*) Plaintiff was then transferred to a unit cell, where he informed the corrections officers of his sleep apnea and that he was experiencing headaches and chest pain because he needed his sleep machine. (*Id.* at *7-8.) Plaintiff was taken back to the medical department, where he was informed

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

[2] Petitioner is currently incarcerated at South Woods State Prison, in Bridgeton, New Jersey. (Compl. at *3.)

[3] Although Plaintiff names the Jail in the Complaint's caption, he does not list the Jail in defendants portion of the Complaint. (*See* Compl. at *1, 4.) However, if Plaintiff intended to name the Jail as a defendant, Plaintiff may not bring a claim against the county jail because a jail or prison is not a "person" under § 1983. *See Beaver v. Union County*, 619 F. App'x 80, 83 (3d Cir. 2015) (per curiam) (affirming dismissal of claims against prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983).

that the jail does not have sleep apnea machines and he would need to speak with a doctor. (*Id.* at *8.)

From August 6, 2025 to August 13, 2025, Plaintiff requested grievance forms, which were never provided to him. (*Id.*) On August 13, 2025, the Jail's doctor[4] agreed Plaintiff needed a sleep machine and informed him that he should contact a family member to bring his machine to the Jail. (*Id.*) However, on August 17, 2025, Plaintiff's family member was denied access and told that Plaintiff's paperwork for the machine was not processed. (*Id.* at *9–10.) Plaintiff was told that he would need to see "mental health." (*Id.* at 10.) Plaintiff remained at the Jail until November 5, 2025, and never saw "mental health." (*Id.*)

Plaintiff seeks monetary damages. (*Id.* at *6.)

## II.   <u>LEGAL STANDARD</u>

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[5] 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss

---

[4] Dr. Monteley.

[5] Hereinafter "Rule" or "Rules."

pursuant to Rule 12(b)(6) only if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    **DISCUSSION**

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 for violating his Eighth Amendment right to medical care and under state law medical malpractice. (*See generally* Compl.) A plaintiff may have a cause of action under § 1983 for violations of his constitutional rights, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants as the Jail's administrators. Yet, although Plaintiff names Green and Moore as the Defendants, the Complaint raises no factual allegations against either Green or Moore. (*See generally* Compl.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

A plaintiff may hold a supervisor liable for the acts of a subordinate by showing either: (1) "policies, practices, or customs that directly caused the constitutional violation"; or (2) the supervisor "participat[ed] in the violation of the plaintiff's rights, direct[ed] others to violate the plaintiff's rights, or ha[d] knowledge of and acquiesce[d] to a subordinate's conduct. *Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). To hold a supervisor liable under § 1983 based on a "policy or practice," the plaintiff must "identify a specific policy

5

or practice that the supervisor failed to employ" and show: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).

Here, Plaintiff fails to adequately allege a § 1983 claim against Defendants as supervisors. The Complaint is devoid of any factual allegations against either Defendant. Plaintiff does not plead facts showing that either Defendant had any direct, personal involvement in the harm alleged, nor does Plaintiff allege facts showing that the alleged denial of medical care was the result of a policy or procedure. Plaintiff thus fails to provide any allegations as to Defendants Green and Moore to show supervisory liability and said claims must be dismissed without prejudice for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 4) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: 5/22/2026

**JULIEN XAVIER NEALS**
United States District Judge

6